```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENYSE CORDERO,

                Plaintiff,

    -v-

UNITED AIRLINES, INC.,

                Defendant.

**REPORT AND RECOMMENDATION**

23-CV-8583 (JPC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**
**To the Honorable John Paul Cronan, United States District Judge:**

Plaintiff Denyse Cordero ("Plaintiff" or "Cordero") brought this case alleging that defendant United Airlines ("Defendant" or "United") lost her luggage. Although discovery has been pending for over a year, Cordero has not produced any documents, has failed to comply with discovery orders, and has ceased communication with United and with the Court. United now moves for dismissal as a discovery sanction based on Cordero's failure to participate in discovery. Dkt. No. 38. For the reasons below, the undersigned respectfully **RECOMMENDS** that Defendant's motion be **GRANTED**.

**I.    BACKGROUND**

Plaintiff alleges that she booked a July 2022 flight to Mexico on United. Complaint ("Compl."), Dkt. No. 10 at 10. On the day of her flight, she arrived at the airport with luggage containing "brand new expensive items including designer handbags & designer shoes." *Id.* When Plaintiff refused to sign a liability waiver, a

1

dispute arose that resulted her ticket being cancelled. *Id.* at 11. Plaintiff claims that United nonetheless accepted her luggage and lost it. *Id.*

Plaintiff initially filed this case in New York state court by summons with notice, asserting claims for breach of contract, breach of fiduciary duty, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, and seeking $120,000 in damages. Dkt. No. 1-1. United removed the case to federal court based on diversity jurisdiction. Dkt. No. 1. Judge Cronan ordered Plaintiff to serve a complaint, Dkt. No. 5, which she did on December 18, 2023 after receiving extensions, Dkt. No. 10. Defendant answered on January 9, 2024. Dkt. No. 12.

On January 10, 2024, this case was referred to Magistrate Judge James L. Cott for general pretrial and any dispositive motions. Dkt. No. 14. Following an initial pretrial conference, Judge Cott set a discovery schedule calling for fact discovery to close by April 11, 2024. Dkt. No. 16.

Defendant requested an extension of discovery on March 20, 2024, reporting that Plaintiff had not produced any documents due to health issues. Dkt. No. 17. Judge Cott granted the extension. The parties submitted a revised case management plan on July 22, 2024, which required Plaintiff to respond to Defendant's outstanding Notice to Produce Documents and Interrogatories on or before September 9, 2024. Dkt. No. 20. Fact discovery was to close on October 31, 2024. *Id.* Judge Cott approved the revised plan. Dkt. No. 21.

2

On August 28, 2024, the case was reassigned to the undersigned. Defendant requested a conference on September 24, 2024, reporting that Plaintiff had not provided any discovery responses by the September 9 deadline. Dkt. No. 24. At an October 2, 2024 discovery conference, the undersigned advised Plaintiff that she must either provide documents in response to Defendant's requests or provide specific objections to these requests. After the conference, Plaintiff was ordered to verify her response to United's Interrogatories by October 5, to meet and confer with Defendant by October 18, and to serve her own discovery requests by October 22. Dkt. No. 26.

On November 13, 2024, Defendant filed a status report advising that it had held lengthy meet-and-confer conferences with Plaintiff on October 25 and November 4, but Plaintiff had failed to produce any documents or to serve objections, as required by the Court. Dkt. No. 29. In response, the Court ordered Plaintiff to provide request-by-request responses to Defendant's discovery demands by November 28, 2025. Dkt. No. 30.

Next, Plaintiff filed a December 2, 2024 letter requesting a hearing, Dkt. No. 31, and Defendant filed a December 5, 2024 letter motion to compel Plaintiff to produce documents, Dkt. No. 32. Defendant's motion reported that Plaintiff had not complied with the Court's order to provide responses to Defendant's discovery demands by November 28, and had not communicated with Defendant at all since November 4. *Id.*

The Court scheduled a telephone conference on December 19, 2024. Dkt. No. 33. Despite requesting a conference, Plaintiff failed to appear. Dkt. No. 34. On that same day, the Court granted Defendant's motion to compel, ordering Plaintiff to provide complete responses to Defendant's document requests by January 24, 2024. Dkt. No. 35. This order warned in bold type, "[f]ailure to comply with this order could result in sanctions, including potentially the dismissal of certain claims or the entire case." *Id.*

Having received no documents by the January 24 deadline, Defendant filed a letter motion for discovery sanctions on January 27, 2025. Dkt. No. 36. In response, the Court authorized Defendant to file a full motion for discovery sanctions, including dismissal of the complaint. Dkt. No. 37. Defendant filed the instant motion on February 14, 2025, Dkt. No. 38, accompanied by a memorandum of law ("Def. Mem."), Dkt. No. 40, and the Declaration of Michael J. Cohen, dated February 14, 2025 ("Cohen Decl."), Dkt. No. 39, and supporting exhibits.

Plaintiff's opposition was due March 14, 2025, but none was filed. The Court extended this deadline to March 24, *sua sponte*, and warned Plaintiff that granting Defendant's motion could result in dismissal of the case. Dkt. No. 41.

Plaintiff filed a March 18 letter stating she was unable to participate in the case for personal and health-related reasons and requesting additional time. Dkt. No. 42. Plaintiff said she was willing to provide documentation from medical professionals to support her request. *Id.* In response, the Court granted Plaintiff an additional 30 days to file her opposition but advised that any further extension

4

request must be supported by documentation, which could be filed under seal if necessary.  Dkt. No. 43.

The April 24 deadline came and went without any filing by Plaintiff. Accordingly, the Court entered an order on May 12, 2025 advising that the instant motion would be decided based on Defendant's submissions.  Dkt. No. 44.

## II.   ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to dismiss the action or proceeding in whole or in part where a party fails to comply with a discovery order.  In determining whether dismissal is an appropriate remedy, courts in this Circuit must consider the following factors:  "[i] the willfulness of the non-compliant party or the reason for noncompliance; [ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance[;] and [iv] whether the noncompliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017); *see also Ali v. Dainese USA, Inc.*, No. 19-cv-2422 (KPF), 577 F. Supp. 3d 205, 220 (S.D.N.Y. 2021) (applying these factors); *Lewis v. Marlow*, No. 17-cv-8101 (KMK), 2021 U.S. Dist. LEXIS 104587, at *5 (S.D.N.Y. June 3, 2021) (same) ; *Shnyra v. State St. Bank & Tr. Co.*, No. 19-cv-2420 (GHW), 2020 U.S. Dist. LEXIS 220507, at *11–12 (S.D.N.Y. Nov. 24, 2020) (same).  Here, all four factors weigh in favor of dismissal.

### A.   Plaintiff Willfully Failed to Comply with Discovery Orders

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Thompson v.*

5

*Jamaica Hosp. Med. Ctr.*, No. 13-cv-1896 (RWS), 2015 U.S. Dist. LEXIS 157304 (S.D.N.Y. Nov. 20, 2015). "Willful noncompliance is routinely found . . . where a party has repeatedly failed to produce documents in violation of the district court's orders." *Doe v. Delta Airlines, Inc.*, No. 13-cv-6287 (PAE), 2015 U.S. Dist. LEXIS 22739, at *8 (S.D.N.Y. Feb. 25, 2015) (internal alterations and quotation marks omitted), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (summary order).

Plaintiff has received clear orders from the Court that she must respond to Defendant's discovery demands. At the October 2, 2024 conference, the Court explained to Plaintiff her discovery obligations, including her obligation to produce documents or to provide specific objections to Defendant's requests.

Despite these unequivocal instructions, Plaintiff did not produce any documents or interpose any written objections. Dkt. No. 29. Instead, she stopped communicating with Defendant altogether. *Id.* In response, Plaintiff was directed by November 28 to "individually state, request-by-request, which documents she is willing to produce." Dkt. No. 30. Plaintiff did not comply with this order in any respect. Dkt. No. 32. Instead, she requested a hearing to "notify [the Court] about what has transpired."

To provide Plaintiff with the chance to explain her circumstances, the Court scheduled a hearing on December 19. Dkt. No. 33. But Plaintiff failed to attend. Dkt. No. 34. Plaintiff was then ordered to "provide full and complete responses to defendant's Notice to Produce Documents no later than January 24, 2024." Dkt.

No. 35. Plaintiff did not comply with this order or communicate with Defendant or the Court at all by the January 24 deadline. Cohen Decl. ¶ 19.

The Court's orders have been clear and Defendant and the Court have spent considerable time explaining their requirements to Plaintiff. Her repeated failure to comply is therefore sufficient grounds for her noncompliance to be considered willful. Plaintiff's only explanation for her noncompliance is that she was unable to participate in the case because of unspecified health issues. Dkt. No. 42. Although she offered to provide documentation to support this claim, she never did so, even after being advised that such submissions could be shielded from public view. Dkt. No. 43.

### B.    Plaintiff's Noncompliance Had Significantly Delayed the Case

Courts within the Second Circuit have found that noncompliance lasting more than a few months weighs in favor of severe sanctions. *See, e.g., Juliao v. Charles Rutenberg Realty, Inc.*, No. 14 Civ. 808 (JFB) (AYS), 2018 U.S. Dist. LEXIS 161124, at *5 (E.D.N.Y. Sept. 20, 2018) (finding that noncompliance of nearly ten months favored dismissal); *Silva v. Cofresi*, No. 13-cv-3200 (CM) (JCF), 2014 U.S. Dist. LEXIS 105877, at *4 (S.D.N.Y. Aug. 1, 2014) (finding that a four-month delay in abiding by a court's order weighed in favor of sanctions); *Martin v. City of New York*, No. 09-cv-2280 (PKC) (JLC), 2010 U.S. Dist. LEXIS 48258, at *3 (S.D.N.Y. May 11, 2010) (dismissing case after finding that plaintiff's failure to comply with discovery orders had delayed the litigation by approximately three months).

Fact discovery was initially scheduled to close on April 11, 2024. More than a year later, following several extensions, Plaintiff still has failed to produce a single document. Such a lengthy delay weighs heavily in favor of dismissal.

### C. Plaintiff Was Repeatedly Warned that Failure to Comply with Discovery Orders Could Result in Dismissal

Although "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril," *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1366 (2d Cir. 1991), this factor is often identified "as the 'most critical' of the [four] factors," *Ruiz v. Citibank*, No. 10-cv-5950 (KPF) (RLE), 2014 U.S. Dist. LEXIS 116111, at *3 (S.D.N.Y. Aug. 14, 2014) (internal alterations omitted) (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012)).

Here, Plaintiff was explicitly warned that failure to comply with the Court's discovery orders could result in dismissal of her case in the December 19, 2024, Order. Dkt. No. 35. Following Defendant's filing of the present motion, Plaintiff was again warned that that if the motion is granted, the case could be dismissed. Dkt. No. 41. Plaintiff was therefore aware that failure to comply with her discovery obligations could result in dismissal.

### D. A Lesser Sanction Would Be Inadequate

Finally, the Court must determine whether a lesser sanction would be effective. "It is well settled law in [the Second] Circuit that 'dismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances,'" *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal

8

alterations omitted) (quoting *Isr. Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977)), and "usually after consideration of alternative, less drastic sanctions.'" *Metro Found. Contractors, Inc. v. Arch Ins. Co.*, 551 F. App'x 607, 610 (2d Cir. 2014) (summary order) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). Such extreme circumstances may exist where "a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

There is no reason to believe a lesser sanction would be effective. Discovery has been pending for over a year. Plaintiff has received numerous extensions and opportunities to participate in discovery, and clear instruction from the Court concerning her legal obligations, but has failed to produce a single document. This is not an isolated failure to provide particular categories of documents. Given that Plaintiff claims emotional distress and seeks $120,000 in damages, Defendant cannot be expected to defend the case without obtaining documents from Plaintiff. Additionally, the Court has found that Plaintiff has acted willfully in her failure to comply with discovery orders. *See* Section II.A *supra*. As noted by Defendant, any lesser sanction would only lead to Defendant spending further resources on a case in which Plaintiff has refused to participate. *See* Def. Mem. at 7.

### III. CONCLUSION

Plaintiff chose to bring this action, but has shirked her discovery obligations for more than a year. Because she has ignored multiple orders, despite generous

extensions and clear warnings that such conduct could lead to dismissal, I respectfully **RECOMMEND** that this case be dismissed with prejudice.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable John P. Cronan, United States Courthouse, 500 Pearl Street, New York, New York 10007-1312. Any requests for an extension of time for filing objections must be directed to Judge Cronan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 20, 2025
    New York, New York

_____
Hon. Henry J. Ricardo
United States Magistrate Judge